UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RR and WR, individually and as next Friends of MR, | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | CIVIL ACTION NO. 3:21-cv-00873-JCH |
| GREENWICH BOARD OF EDUCATION, Defendant. | : : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS CROSS-MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

DATED: September 12, 2022

LAW OFFICES OF GERRY MCMAHON, LLC

Gerry McMahon, Esq. (ct24881)
100 Mill Plain Road
Suite 4C
Danbury, CT 06811
(203) 942-2430

gerry.mcmahon@mcmahonspedlaw.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RR and WR, individually and as next Friends of MR, | : : | |
| Plaintiffs, | : | CIVIL ACTION NO. 3:21-cv-00873-JCH |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREENWICH BOARD OF EDUCATION, | : | |
| Defendant. | : | 09/12/2022 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

On August 8, 2022, both parties filed their Cross-Motions for Summary Judgment and supporting Memoranda of Law. The Plaintiffs submit the following Response. Because both parties filed their motions simultaneously, the Plaintiffs have limited this Response to more broadly addressing the most salient aspects of this appeal.

**I.   The Board Discriminated Against MR on the Basis of Her Disability.**

Board employees frequently and regularly chastised MR for being "insubordinate" and defiant, despite these being stated features of her disability. They saw her difficulties with tardiness and other symptoms of school avoidance, as well as her difficulties with executive dysfunction as "issues" rather than symptoms of her documented disabilities of which the Defendant and its employees should have been well aware based upon the information the Plaintiffs provided to the Defendant in mid-August 2019 when they registered and enrolled Mr in the Defendant's school district.

MR is a student with an undisputed specific learning disability, generalized anxiety

disorder, and ADHD. To punish her for the symptoms of such disabilities is tantamount to discrimination.

## II. The Defendant Violated the Plaintiffs' Legal Rights by Failing to Develop and Implement an Appropriate IEP for MR.

The Defendant is obligated to have an IEP in effect for each student with a disability at the beginning of the school year and to provide the Parents with a copy of the IEP.  34 C.F.R. § 300.323 (a); Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186 (2d Cir. 2005) (*BN 0774; B-20; Hearing Officer's Decision and Order*)

## III. The Defendant-Board's Repeated Focus on the NYC IEP is Misplaced.

In its MOL, the Defendant-Board repeatedly referenced the NYC IEP, an IEP the Defendant could not possibly have implemented. The Defendant-Board claimed they implemented the IEP, which recommended "co-taught" classes across all content areas. The Defendant-Board did not offer "co-taught" classes across all content areas. The Defendant-Board asserted that it implemented the NYC IEP, which it asserted was an appropriate program, only to also assert that the NYC IEP did not address school avoidance issues, nor recommend a functional behavior assessment or behavior intervention plan.

The Defendant-Board cannot claim that the NYC IEP was both appropriate and not appropriate, or that it both did and did not implement the IEP. The Defendant-Board's obligation is to identify and evaluate all students with a suspected disability(ies), and then propose a program that meets the unique needs of such students. The Defendant-Board additionally misrepresented MR's educational level as it was documented in the NYC IEP, which evidence was  based on the results of MR's most recent neuropsychological evaluation in 2018.  Contrary to the Defendant's assertions, MR was not on grade level in all academic

areas.  In fact, at the time of the development of the NYC IEP, academically, MR was failing Math and nearly failing English.

IV. **The Defendant-Board Misrepresented the Parents' Interactions with the NYC District and with Winston Preparatory School.**

The record is devoid of any evidence that the Parents, at any time, represented to Defendant-Board that they believed the NYC IEP was appropriate. In fact, the Plaintiffs chose to place MR at York Preparatory School for 2017-2018 School Year and Fusion Academy for the 2018-2019 School Year, private programs, rather than have her attend the NYC public school program.  The evidence includes unrefuted testimony that the Parents and the NYC DOE entered into a settlement agreement in which the NYC DOE reimbursed the Parents for tuition at the private programs.  This settlement did not include the Parents filing for a due process hearing.  (BN 2482, 7-25 – 2483, 1-14; Tr. Q & A: IHO / RR)

While still living in New York City in fall 2018, the Parents considered the NYC Winston Preparatory School as an option for MR for the 2019-2020 School Year. Their consideration of NYC Winston Prep was due to the shortcomings specific to the NYC public schools' programming deficits.

Several months later, the Plaintiffs decided not to enroll MR in the NYC Winston Preparatory School.  Around the same time, the Plaintiffs decided to move to Greenwich.  The Parents had paid a deposit to NYC Winston Preparatory School.  When they informed the school that they were moving from NYC, NYC Winston Preparatory School refunded their deposit. (BN 2483, 24-25 – 2484, 1- 16; Tr. Q & A: Parents' Attorney / RR)

The Defendant-Board has chosen, without any reliable supporting evidence, to accuse the Parents of engaging in a plan over nearly a year in advance to apply to the NYC Winston

Preparatory School to ultimately reject that placement, move to Greenwich, Connecticut months later, register and enroll their daughter in the Greenwich Public Schools, cooperate with Defendant by providing records, participating in the PPT process, emailing and meeting with school employees all the while intending to reject the Defendant's offered program, place their daughter in a private program, and pursue tuition reimbursement from the Defendant.

It is important to note that the Parents registered and enrolled their older daughter in Greenwich High School for the 2019-2020 School Year and the subsequent school year. "We have an older daughter who goes to Greenwich High School and she's doing well there and she's happy there…." (BN 2274 25– 2275 1-2, Tr. RR).  This is a family that has a demonstrated history of their willingness to place their children in the public schools. However, the public school must provide their child with a timely and appropriate IEP designed to meet their child's unique educational needs and allow her to make meaningful educational progress.

## V. **The Board Minimized the Environmental Shortcomings of Its Proposed Program.**

MR is a student with a long history of school-based anxiety. She became anxious to go to her Greenwich middle school, "CMS", mid-way through September, related in part to a classmate's aggressive behavior, and threats reported by school administration to all parents in the Greenwich Public Schools District via email – MR's ELA class had to be cleared out because of a classmate who was verbally and physically aggressive toward a staff person on September 16, 2019 (BN 358); Threats made toward MR's middle school, CMS, which required school-wide follow up via multiple emails, student assembly, and counseling made available to all students. September 19, 2019 (BN 354, 359) -- Threats of violence are sources of anxiety for all students, but especially for students with anxiety disorders.

Additionally, evaluators specifically stated that singling MR out would exacerbate her anxiety. By consistently "othering" MR through public incidents accusing her of insubordination or misbehavior, the Board created an inhospitable environment in which she could not make meaningful educational progress. This is reinforced by the fact that CMS staff were unable to establish a rapport with MR. She did not feel safe with the staff of CMS, so she did not confide in them or state when she felt uncomfortable or upset. Instead, she refused to eat, cried in the bathroom, and went to school late. (BN 326-327; Parent emails with school staff / employees)

## VI. The Board's IEPs are Not Appropriate.

In its memorandum of law, the Board falsely represents that it provided MR with paraprofessional support in the 2019-2020 IEP. This is not documented in any of the IEPs the Board developed for MR for the 2019-2020 School Year. This is an attempt by the Defendant to introduce retrospective evidence outside of the final written IEP. Retrospective evidence is not admissible. The Defendant Board failed to correctly document on the prior written notice page of the aforementioned IEPs the Parents' placement requests and the Board's refusal of those requests.

## VII. The Board Vastly Overstated Its Attempts to Communicate with the Parents.

In the Defendant's memorandum of law, the Board states that after receiving the Parents' October 2019 notice of unilateral placement, they tried to contact the Parents "at least 20 times." The Defendant failed to produce any documented evidence of its claimed attempts. The law requires the Defendant to document its attempts to gain parent participation.

## VIII. The Board Punished the Parents for Exercising their Right to Participating in Their Daughter's Educational Planning.

The Board has accused the Parents of "parental interference and gamesmanship," for having the audacity to advocate for their disabled child. The Parents took issue with the fact that the Board failed to develop their own program in either of the first two IEPs of the 2019-2020 school year, and took issue with the inappropriate interactions by and between the adult educators of Greenwich Public Schools and their daughter, a 13-year-old girl, when they moved to Greenwich.

Student's teacher, Ms. Fallon, in front of the entire ELA class, raised her voice and threatened to send MR to the principal's office. The teacher interpreted MR's anxious behavior and response to the teacher's instructions as "insubordination". MR went to the office. When she returned, the teacher attempted to explain to MR that she was "not trying to be a bitch". (BN 323; email RR / Teacher Ms. Fallon)

Celebration in school cafeteria 1. MR and her classmates were brought to Cafeteria 1. When they got there, a teacher came up to MR and told her in front of her peers that she was being excluded from the celebration because she had been "clipboarded" sometime in September. The teacher told her she had to go to the "community room". October 11, 2019 (BN 326-327; email RR / school administrators, staff).

## IX. Request for Relief

The Plaintiffs stand by their Cross-Motion for Summary Judgment and MOL in Support, in combination with this Response, as a full and complete request for summary judgment.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Cross-Motion for Summary Judgment, reversing the IHO's decision and order as erroneous, and awarding them full tuition reimbursement, and related costs, for the placement of

MR at Winston Preparatory School for the remainder of the 2019-2020 school year and for the 2020-2021 school year, and all other relief which the Court deems just and proper.

Dated: September 12, 2022

Respectfully submitted,
Plaintiffs

By: *Gerry McMahon*
Gerry McMahon (ct24881)
Law Offices of Gerry McMahon, LLC
Ph. (203) 942-2430

gerry.mcmahon@mcmahonspedlaw.net