UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RR and WR, individually and as next Friends of MR, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO. 3:21-cv-00873-JCH |
| | : : | |
| GREENWICH BOARD OF EDUCATION, Defendant. | : : | |

PLAINTIFFS' REPLY TO
DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

DATED: September 26, 2022

LAW OFFICES OF GERRY MCMAHON, LLC

Gerry McMahon, Esq. (ct24881)
100 Mill Plain Road
Suite 4C
Danbury, CT 06811
(203) 942-2430
gerrymcmahon@mcmahonspedlaw.net

**PLAINTIFFS' REPLY TO
DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Defendant Board has escalated in its attacks on MR, a student with an IDEA identified disability, and MR's Parents throughout its filings on this IDEA summary judgment process. It has used a significant amount of space in its filings to assert, absent evidence in the record, that

1. MR, the student with a disability, is the cause of her inability to access the Board's proposed program in the 2019-2020 school year. (*See* Defendant's Mem., ECF 40, at 11, 35)

2. MR's Parents are also a cause of MR's inability to access the Board's proposed program in the 2019-2020 school year. (*See* Defendant's Mem., ECF 44, at 22)

3. MR's Parents "thwarted" the Board's efforts and "peremptorily" removed MR from the Board's school, CMS. (*See* Defendant's Mem., ECF 44, at 27)

4. Parents' participation in the planning and implementation was "illusory".

5. Concludes "Student attendance at CMS (and thus Student success at CMS) were not a priority. Rather, Winston Prep the priority. In that regard, the Parents feigned agreement in working toward effecting the IEP at CMS, …Student reported to CMS faculty that the she was not complaining about school; yet the Parents would misinterpret Student's experiences in an effort to create a record." (*See* Defendant's Mem., ECF 44, at 27)

The Defendant Board has gone so far as to claim that the Plaintiffs are misusing the IDEA protections as not a "shield" but as a "sword" "where, as here, those protections are followed." (*See* Defendant's Mem., ECF 44, at 28)

**2019-2020 School Year**

The facts are undisputed that MR's family decided to move from NYC to Greenwich, Connecticut in June 2019. The family visited Greenwich Public Schools in June 2019, obtained registration paperwork, and requested a tour of the school. The Board's staff told the family that they would have to return in August 2019 to complete the registration and enrollment process and tour the school. (*See* Defendant's Mem., ECF 40, at 8) This is undisputed. This is why the family did not seek a tour of CMS in July 2019. Part of the Board's registration and enrollment process is for the family to provide proof of residency consistent with Connecticut law. General Statutes § 10-220 MR and her older sister enrolled in Greenwich Public Schools in mid-August 2019. Even before the family moved themselves into their new residence, they made certain to submit MR's records and enrollment paperwork at least two weeks before the start of the 2019-2020 school year.

In an effort to support its false narrative, the Board referred repeatedly to the family's last minute "move" two days before the school year started in Greenwich. (*See* D's Mem., ECF 44, at 2, 4) The record is devoid of any evidence that the Defendant did not determine MR a "resident" within its "jurisdiction" until after MR's parents registered and enrolled her in mid-August 2019 or, worse yet, until two days before the first day of school.

### The "NYC IEP"

**IHO Error of Law & Fact** – IHO based her decision on a critical and inaccurate fact, i.e. that the parents did not challenge the NYC IEP. (BN. 0756-0777, Hearing Officer's Final Decision and Order, Findings of Fact 11, 12, at 0759) In fact, the Parents did challenge the NYC IEP as evidenced by Parent's response to the IHO's questions regarding MR's 7th grade IEP –

Parents and NYC DOE entered into a settlement agreement that encompassed the NYC IEP. [BN. IHO's q & a with RR]   The Defendant Board mislead court by failing to mention the

settlement. (*See* Bd's Mem., ECR 40-1, at 7)

The Defendant Board violated the Plaintiffs' procedural due process rights by failing to provide them with Prior Written Notice that the Defendant was convening a "Referral" PPT meeting on 9/9/2019 for purposes of determining what assessments and / or evaluations it needed in order to develop an appropriate IEP for MR. The Notice of Planning and Placement Meeting that the Defendant Board provided to the Plaintiffs on August 29, 2019, identified the purpose of the meeting by checking the box marked "other:" and documented the purpose of the meeting as (specify) "Program Review, Review or Revise IEP". The Defendant Board did not check either of the two boxes that identified the purpose of the PPT meeting as "review a referral to special education and consider/plan an evaluation" or "review evaluation results and determine eligibility for special education." (*See* Board's Exhibit 9, 09/09/2019 IEP, *BN 0510*; Board's Exhibit 9, 08/29/2019 PPT Meeting Notice, *BN 0526*)

The Defendant Board skews its references to the Parents' procedural due process rights and its obligations to its benefit and to the Parents' detriment throughout its Memorandum. The Plaintiffs pointed out that the Defendant Board could have *requested* that the Plaintiffs' waive their 5 school day notice for a PPT meeting, in order to convene a meeting sooner than September 9, 2019. The Defendant Board twisted the Plaintiffs' language to insinuate that Plaintiffs' asserted that it should have "insisted" that Parents waive their rights. (*See* Defendant's Mem., ECF 44, at 5, fn 4) However, as Defendant stated in its Mem, ECF 44, at 5, fn [6] "Under Connecticut regulations, absent Plaintiffs' consent the IEP could not have become effective until ten days following the Board's provision of written notice to the Plaintiffs of the Board's proposed IEP. Conn. Agencies Regs. § 10-76d-8(a)(5)." In fact,

Connecticut regulations also allow Parents to waive the 5-day notice of a PPT meeting. Conn. Agencies Regs. 10-76d-12(a)(1).

It is undisputed that the NYC IEP is not binding on a Connecticut school district. (*See* D's Mem, ECR 44, at 20). Regardless, the Defendant Board asserts that it met any obligation to MR by implementing the NYC IEP. (*See* D's Mem, ECR 44, at 22). However, the administrative record confirms that the NYC IEP was not implemented in NYC because the Plaintiffs placed MR in a private program, Fusion Academy, and reached a settlement with NYC DOE in relation to the parents and NYC DOE's disagreement about the appropriateness of the NYC IEP. If the Defendant Board implemented the NYC IEP, then it relied on MR's performance from 6th grade, over a year old. The Defendant Board could have relied, in part, on MR's Fusion Transcript and records of MR's performance during 7th grade that the Plaintiffs provided to it in August 2019. (See Board's Exhibit 9, 09/09/2019 IEP, *BN 0514*)

At the time that MR registered at Defendant's Public Schools, the Defendant Board had an evaluation tool at its disposal for complex students like MR. It is a trial placement for diagnostic purposes. 10-76d-14 The regulation states in part:

*Each board of education may use trial placement for diagnostic purposes as part of the initial evaluation or reevaluation of a child. This shall mean a structured program, of not more than forty school days duration, the purpose of which is to assess the needs of a child who is or may be a child with a disability, but for whom the evaluation or reevaluation is either inconclusive or the data insufficient to determine the child's eligibility for special education and related services or to develop or revise the child's individualized education program. A trial placement for diagnostic purposes is an evaluation and shall not be the current educational placement of a child for purposes of determining the child's status during due process proceedings in accordance with 20 USC 1415(j) of the IDEA and the regulations adopted thereunder, as amended from time to time, unless the parents and the board otherwise agree. If a trial placement for diagnostic purposes is conducted as part of a referral, the timeline for the implementation of the IEP in accordance with section 10-76d-13 of the Regulations of Connecticut State Agencies shall be extended by the PPT for the time necessary to complete the trial placement for diagnostic purposes.*

Had the Defendant used a trial placement to evaluate Plaintiff MR, its structure would have involved the Plaintiffs and the school team equally as they met every 10 school days to discuss MR, what was working or not working, and make changes to her program along the way.

<u>2020-2021 School Year</u>

The Defendant Board mislead this Court by suggesting that the Parents' claim "appears to be founded on the belief that the IEP for the 2020-2021 school year fails because the IEP for the 2019-2020 school year did not provide FAPE." (*See* Defendant's Mem., ECF 44, at 22, paragraph 1 of 3).

In fact, the Plaintiffs' bases for disputing the IHO's findings regarding the IEP the Defendant Board developed for MR for the 2020-2021 school year included that the July 21, 2020 IEP goals and objectives were inconsistent the Student's needs and the Parents' concerns for enhancing the Student's education. The IEP was inconsistent with Dr. Riordan's evaluation report and recommendations. The IEP was inconsistent with the information that had been provided by Winston Preparatory School staff. (*BN 0284-0292, 0321, 0322, 0339-0347; B-13*); (*See also* Pls.' Mem., ECF 41-1, at 23-25).

The Defendant apparently made this claim so that it could repeat its position for the 2019-2020 school year, and then cite caselaw that similarity between IEPs is not a sufficient basis to find an IEP substantively deficient. (*See* Defendant's Mem., ECF 44, at 22, paragraph 2 of 3, and 3 of 3, respectively).

The Defendant Board misrepresents the distinction between the applicability of LRE to a public school placement and the more relaxed consideration of the level of restriction of the private placement. (*See* Defendant's Mem., ECF 44, at 23).

The Plaintiffs addressed this factor in detail in their Mem., (*See* Pls.' Mem., ECF 41, at 20).

The Defendant Board makes a full court press against the Plaintiffs right to reimbursement based on "equitable considerations." (*See* Defendant's Mem., ECF 44, at 26). The record in this matter is replete with evidence of the Plaintiffs' cooperation with the Defendant Board. The Plaintiffs addressed this in their Mem., (*See* Pls.' Mem., ECF 41, at 30). The Defendant's approach is to tell this Court that the Plaintiffs' cooperation was "illusory" despite its many references to the "objective" evidence of the Plaintiffs' cooperation. (*See* Defendant's Mem., ECF 44, at 8)

Dated:  September 26, 2022

        Respectfully submitted,
        Plaintiffs

By: *Gerry McMahon*
Gerry McMahon (ct24881)
Law Offices of Gerry McMahon, LLC
Ph. (203) 942-2430

gerry.mcmahon@mcmahonspedlaw.net